# DECISIONS

# SUPREME JUDICIAL COURT

OF

# MASSACHUSETTS

---

## ENRICO LEONE's (dependent's) Case.

Suffolk.    March 21, 1921. — May 28, 1921.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & CARROLL, JJ.

*Insurance,* Workmen's compensation, Identity of insured, Validity of insurance. *Contract,* Validity.    *Fraud.    Workmen's Compensation Act,* Who is subscriber; Procedure: no trial by jury.    *Jury and Jurors.*

In a proceeding under the workmen's compensation act, it appeared that the employers were a partnership, and a member of the partnership testified that he had applied to an insurance company for workmen's compensation insurance and had told the company's representative " that he wanted the insurance with the S Company.   The S corporation was to do the work."   The policy was issued to "S Co., a corporation."   *Held,* that

(1) Findings, that the employers were not a corporation and were not the persons with whom the insurer contracted, were warranted;

(2) Non-disclosure to the insurer of the facts that the employers were not a corporation and that the firm and the corporation were not identical was a fraud in law which invalidated the insurance contract at the election of the insurer.

In a proceeding under the workmen's compensation act, the claimant is not entitled to a trial by jury of the issue, whether the employer was a subscriber under the act.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision of the Industrial Accident Board dismissing a claim on the ground that the employers were not subscribers within the provisions of the act.

Proceedings before the single member of the board and the full board and in the Superior Court before *Wait*, J., are described in the opinion. A decree was entered dismissing the claim; and the claimant appealed.

*S. L. Bailen*, for the claimant.

*L. C. Doyle*, for the insurer.

PIERCE, J. This is a proceeding under the workmen's compensation act (St. 1911, c. 751 and amendments thereto, now G. L. c. 152), by the administrator of Enrico Leone who was killed in the course of his employment at Whitinsville, July 3, 1917. It was agreed that the death arose out of the employment and that W. D. Smith (one of his employers) reported the injury and death to the Industrial Accident Board on July 20, 1917.

Two questions were presented to the Industrial Accident Board by the insurer, (1) whether the employer was a subscriber with either insurance company, and (2) whether the widow was a dependent. The board member heard the evidence on April 9 and May 22, 1918, and on June 30, 1919. He filed his decision on September 10, 1919. The Industrial Accident Board referred the case back to the board member for the purpose of hearing new evidence upon the same questions that were presented to him at the original hearing. St. 1911, c. 751, Part III, § 10. St. 1912, c. 571, § 13. St. 1917, c. 297, § 6. G. L. c. 152, § 10. He found: "There is nothing in the 'new evidence' offered by the claimant to cause me to change the decision made upon the evidence heard at the former hearings. Upon all the evidence in the case I find and rule as originally," that is, on September 10, 1919.

In the decision referred to he found that "There is no evidence here that the employers were insured by the Employers' Liability Assurance Corporation, Ltd." and that the claim against this insurer was not filed within the period prescribed by the act, and ordered the claim against this insurer dismissed. The claimant does not contest the accuracy and finality of this finding and ruling. The board member further found that the relation between William D. Smith and James F. Cavanaugh was that of partners, and that the deceased was an employee of the partnership. The claimant agrees that "The deceased was employed by a firm . . . which was a copartnership consisting of one Smith and one Cavanaugh." The member further found in substance

that the firm through Smith applied for and obtained insurance with the Travelers Insurance Company under the name of "W. D. Smith Co., 'a corporation,'" that Smith and Cavanaugh were not a corporation and were not the persons with whom the insurer contracted. In this connection he found that "There is no evidence here of fraud on the part of Smith, unless it is the fraud of non-disclosure. The application for insurance is not in evidence but Smith knew from the policy that the insurer was contracting with a corporation and not with him as an individual or with him and Cavanaugh as partners," and ruled "that the employers in this case were not insured with the Travelers Insurance Company to pay compensation to their employees."

Upon the findings of fact, at the request of the insurer, the member ruled (1) "As a matter of law, the dependent is not entitled to compensation from the Travelers Insurance Company;" (2) "If the contract for the work under construction at the time Leone was killed was let out to Cavanaugh and was being executed by him through Smith as his agent, or by Cavanaugh and Smith as copartners, the Travelers Insurance Company is not liable to pay compensation in this case because it issued a policy of insurance on W. D. Smith Company, a corporation;" (3) "As a matter of law, W. D. Smith Company was not a subscriber within the meaning of the compensation act;" and (4) "As a matter of law, the employers of Leone when he was killed were not insured under the provisions of the compensation act with the Travelers Insurance Company."

The personal representative of the employee filed a claim for review. The Industrial Accident Board heard the parties on July 1, 1920, and filed on July 16, 1920, the finding and decision which follows: ". . . The reports of the board member contain all the material evidence. The Industrial Accident Board, on review, affirm and adopt the findings and rulings of the board member. Decedent's employers not having been subscribers to insurance at the time of his fatal injury, no compensation is due under the act." Upon entry of the decision of the Industrial Accident Board in the Superior Court, "This cause came on to be heard, and it appearing that the Industrial Accident Board has found that the employer of the deceased employee was not insured with the Travelers Insurance Company under the provisions of

the workmen's compensation act at the time of the injury to the employee," the Superior Court "ordered and decreed that the claim of the administrator of the deceased employee Enrico Leone, against the Travelers Insurance Company for compensation be and the same hereby is dismissed." The case is before this court on an appeal from the above decree.

The one controlling fact upon which the right of the claimant for good or ill is to stand or fall is the finding that "the contract of insurance here is with the W. D. Smith Co., 'a corporation,'" and that "Smith and Cavanaugh were not a corporation and were not the persons with whom the insurer contracted." This finding of fact finds ample support in the general evidence and in the particular and specific testimony of W. D. Smith, that he told one Nolan (the insurance broker with whom he placed his application for insurance in the Travelers Insurance Company) "that he wanted the insurance with the W. D. Smith Company. The W. D. Smith Corporation was to do the work." This finding therefore is conclusive. *Donovan's Case,* 217 Mass. 76. *Meley's Case,* 219 Mass. 136. In this case we are of opinion that the identity of the insured was a material fact, and that a duty of disclosing to the insurance company that the W. D. Smith Corporation was not the W. D. Smith Company, a copartnership firm, which employed the men who were to be protected under the workmen's compensation act, resting upon the employer of the decedent. We further are of opinion that the non-disclosure of the fact that the firm and the corporation were not identical was a fraud in law which invalidated the insurance contract at the election of the insurer. *Fifer* v. *Clearfield & Cambria Coal & Coke Co.* 103 Md. 1. *Boulton* v. *Jones,* 2 H. & N. 564. *Boston Ice Co.* v. *Potter,* 123 Mass. 28. *Brighton Packing Co.* v. *Butchers' Slaughtering & Melting Association,* 211 Mass. 398. *Werlin* v. *Equitable Surety Co.* 227 Mass. 157.

Upon the entry of the decision of the Industrial Accident Board in the Superior Court, the administrator moved for a trial by jury on the issue "whether the employer was in truth a subscriber or not under the act." The motion was denied and the administrator duly appealed to this court. The appeal must be dismissed. Trial by jury is incompatible with the entire scheme of the workmen's compensation act, which confers a fixed and certain

statutory indemnity for personal injuries which an employee may sustain, without the delay and uncertainty which are necessarily incident to the enforcement of common law rights. The act does not deprive an employee of his common law right, but requires that the right shall be claimed at the time of the contract of hire if the employee shall not then elect to waive it. St. 1911, c. 751, Part I, § 5 (G. L. c. 152). On the other hand it takes away from the employer and subscriber his common law defence of negligence of the employee, negligence of fellow servants, and the assumption of the risk of the employment. The case of *Young* v. *Duncan*, 218 Mass. 346, is authority for the right to have a jury determine in a common law action whether the employer was a subscriber and whether the employee had given notice, at the time of the contract of hire, of his election to retain his common law rights, in cases where either question is one of disputed fact. It is not an authority for and does not support the contention of the administrator that either one of such questions of fact may be determined by a jury to be impanelled in an action under the workmen's compensation act. It results that the decrees of the Superior Court must be affirmed.

*Decrees affirmed.*