AMERICAN MUTUAL LIABILITY INSURANCE COMPANY *vs.* WILLIAM F. CONDON.

Middlesex. December 8, 1931. — October 27, 1932.

Present: RUGG, C.J., PIERCE, WAIT, & FIELD, JJ.

*Contract*, Delivery, Validity, Parties. *Lord's Day. Equity Pleading and Practice*, Findings by judge; Statement in pleadings; Master: reference, exceptions to report. *Insurance*, Validity, Delivery of policy, Description of insured, Mutual policy. *Corporation*, Mutual insurance. *Equity Jurisdiction*, Accounting. *Evidence*, Extrinsic affecting writing. *Name. Estoppel.*

A suit in equity by a mutual insurance company against an individual for an accounting for premiums due under a policy of insurance issued to the defendant was heard by a judge who found on unreported evidence, among other findings, that the plaintiff "issued and delivered to" the defendant "a policy . . . in accordance with his application and made a valid contract of insurance with him." It appeared that the policy purported to have been issued to "W. F. Condon and Sons Company" and that in one item of the "Declarations" therein it was stated that "Insured is Corporation." The judge further found that the defendant was the sole proprietor of a business conducted under the name of "W. F. Condon and Sons Company." *Held*, that

(1) The conclusion, that a valid contract of insurance was made, imported a finding of all subsidiary facts, not inconsistent with reported findings, which on a correct view of the law would support such conclusion;

(2) A finding by the judge, that the policy was sent by mail to the defendant on a Saturday and that it was received in due course of mail, was consistent not only with the mailing of the policy on Saturday, but also with the receipt thereof by the defendant on that day, since the plaintiff's place of business was in Boston and the defendant's was in Cambridge;

(3) A finding therefore was not required that the contract was illegal on the ground that it was issued on the next day, a Sunday, although it bore date of that Sunday;

(4) A statement in the policy that it was issued and countersigned on that Sunday was not conclusive but might be controlled by other evidence;

(5) The policy was not illegal because it became effective on Sunday;

(6) The statement in the policy that the insured was a corporation did not preclude a finding that the defendant, doing business under the name of "W. F. Condon and Sons Company," was the insured named in the policy: the plaintiff might have shown that the description of the insured as a corporation had been inserted in the policy by error and that the parties were not mistaken as to the identity and character of the insured, but in fact intended that the defendant as an individual doing business under his business name should be the insured;

(7) The defendant could have contracted with the plaintiff as an individual under his business name;

(8) The conclusion was not required by the findings that the plaintiff was estopped, by having inserted in the policy the statement that the insured was a corporation, from denying its truth, or from asserting that the defendant was in fact the insured, or from enforcing the policy against him; a finding was not required that the defendant had relied on such statement to his harm;

(9) The general conclusion by the judge was not incompatible with such statement in the policy;

(10) In the circumstances, it was not error to refuse to rule in substance that the suit could not be maintained without proof that the plaintiff had issued a policy of insurance enforceable by the defendant: it properly could have been found that the policy was voidable at the election of the plaintiff because the erroneous statement had been inserted in the policy in consequence of the defendant's nondisclosure or misrepresentation of facts;

(11) It could not properly have been ruled that acceptance of the policy by the defendant after delivery was necessary;

(12) The policy not making payment of the premium due on delivery a condition precedent to the policy's becoming operative, delivery thereof was not negatived by the defendant's failure to pay the premium due upon delivery nor by his failure to perform any other obligation thereunder, nor was a finding required that he declined the policy or rescinded the contract.

After hearing by the judge of the suit above described, there was no error in a decree referring the suit to a master to determine the amount of the premium due.

The insurance policy above described provided that the insured was "entitled to such dividends as may be declared by the Board of Directors." The vote of the plaintiff's directors authorized returns of premiums only "to policyholders who have complied with the terms of their policies as regards the payment of premium." The master found that in violation of the terms of the policy the defendant had paid no premium and that the policy was cancelled for such nonpayment. *Held*, that

(1) There was no merit in a contention by the defendant that

there should be deducted from the amount of premium otherwise due from the defendant, as determined by the master, a certain dividend or return of premium;

(2) References by the plaintiff, in the negotiations leading up to the issuance of the policy, to such a dividend, "which is returned at the termination of the policy," did not conflict with the terms of the policy in the circumstances; and, even if they did so conflict, they could not vary its terms;

(3) Such a deduction on the schedule of premiums accompanying the defendant's application did not require the conclusion that the policy was not issued in accordance with the application;

(4) The defendant was not harmed by the admission by the master, subject to the defendant's exception, of a copy of a letter which, the master stated, he did not consider in deciding the matters referred to him.

BILL IN EQUITY, filed in the Superior Court on November 2, 1926, and afterwards amended, against William F. Condon, David Condon and James Condon, seeking an accounting.

The suit was heard by *F. T. Hammond*, J., who made certain findings stated in the opinion. By order of *Qua*, J., the suit then was referred to a master "to take an account." There subsequently were entered, by order of *Broadhurst*, J., an interlocutory decree confirming the master's report and supplemental report; and a final decree dismissing the bill as to the defendants David and James Condon and adjudging the defendant William F. Condon indebted to the plaintiff. The defendant William F. Condon appealed from the decree referring the suit to the master and from the other decrees. The evidence was not reported.

The case was submitted on briefs.

*W. A. Lackey*, for the defendant.

*J. W. Coughlin*, for the plaintiff.

FIELD, J. By this suit in equity, brought in the Superior Court, the plaintiff, an insurance company, sought from three defendants, William F., David, and James Condon, alleged to be doing business under the firm name of W. F. Condon and Sons Company, an accounting for premiums due under a policy of automobile liability insurance. The trial judge made findings of fact including a finding on all the evidence that the defendant William F.

Condon applied for the policy of insurance in the plaintiff company, that "the company issued and delivered to him a policy . . . in accordance with his application and made a valid contract of insurance with him," and that no contract was made with the other defendants. He refused to rule as requested by the defendant William F. Condon. The case was referred to a master to "take an account and determine the amount of the premium" the plaintiff is entitled to receive from this defendant under the policy. The master filed a report and after recommittal thereof a supplemental report which were confirmed by an interlocutory decree. Thereafter a final decree was entered adjudging William F. Condon, hereinafter referred to as the defendant, to be indebted to the plaintiff in the sum of $329.85 with interest, and ordering execution to issue. The defendant appealed from the interlocutory decrees referring the case to a master and confirming the master's report and from the final decree. Neither the evidence before the judge nor that before the master is reported.

The defendant contends that there was no contract of insurance binding him because the policy was issued on the Lord's day, because it refers to the insured as a corporation, and because it was not accepted by the defendant, but that if there was a contract binding upon him the amount of premium due thereunder is computed incorrectly. He contends also that a copy of a letter was wrongly admitted in evidence by the master.

*First.* The finding by the judge on all the evidence that a valid contract of insurance was made — a finding of fact though deducible from other facts and involving rulings of law — imports a finding of subsidiary facts, not inconsistent with the reported findings, which on a correct view of the law would support the ultimate finding. *Dobias* v. *Faldyn,* 278 Mass. 52, 58. The reported findings are not inconsistent with possible findings which would sustain the conclusion reached.

The reported findings do not require the conclusion that the policy was illegal on the ground that it was issued on the Lord's day. See G. L. (Ter. Ed.) c. 136, § 5; *O'Brien*

v. *Shea,* 208 Mass. 528, 534–535. The finding that on Saturday, February 20, 1926, the plaintiff sent the policy by mail to the defendant and that it was received in due course of mail is consistent not only with the mailing of the policy on Saturday, but also with the receipt thereof by the defendant on that day. The plaintiff's place of business was in Boston and the defendant's in Cambridge. Consequently we need not consider whether the contract was completed before the policy was received by the defendant. See, however, *Commonwealth Mutual Fire Ins. Co.* v. *William Knabe & Co. Manuf. Co.* 171 Mass. 265, 270; *Stone* v. *Old Colony Street Railway,* 212 Mass. 459, 462–463. The statement in the policy that it was "Issued" by the plaintiff and was "Countersigned" February 21, 1926 (which was Sunday), even if interpreted to mean issued as well as countersigned on that day, is not incompatible with the judge's conclusion. The fact that the policy bore date of Sunday does not invalidate it (*Banca Italiana Di Sconto* v. *Columbia Counter Co.* 252 Mass. 552, 560), and the recital therein that it was issued and countersigned on that day is not conclusive but may be controlled by other evidence. *Lee* v. *Massachusetts Fire & Marine Ins. Co.* 6 Mass. 208, 219. *Hill* v. *Dunham,* 7 Gray, 543. *Dresel* v. *Jordan,* 104 Mass. 407, 417. Even if, as we need not decide, the sworn statement in the original bill of complaint that the "date of issue" of the policy was February 21, 1926, changed by amendment to describe the policy as "effective as of February 21, 1926," was proper for consideration by the judge as an admission by the plaintiff, it could have been shown to have been made under a mistake. *Elliott* v. *Hayden,* 104 Mass. 180, 183. Nor was the policy illegal because it became effective on Sunday. See *Stacy* v. *Kemp,* 97 Mass. 166, 167–168.

The finding that a valid contract of insurance was made between the plaintiff and the defendant is not incompatible with the reference in the policy to the insured as a corporation.

The policy purports to have been issued to W. F. Condon and Sons Company. The only reference therein to the

insured as a corporation is in the "Declarations." The policy recites that the plaintiff "In Consideration of the premium and the Declarations forming part hereof, Does Hereby Agree With the Insured named and described as such in said Declarations, to indemnify the Insured against loss by reason of the liability imposed upon him by law for damages, because of the ownership, maintenance, and/or use of the automobiles named and described in the Declarations" on account of personal injury or property damage. Under the heading "Declarations" it is stated that "The following Declarations are the representations of the Insured and this policy is issued by the Company relying upon the truth thereof." Item 1 thereof states the "Name of Insured" as "W. F. Condon and Sons Company," Item 3 states that the "Insured is Corporation," and Item 8 refers to an attached schedule of automobiles covered by the policy and premium charges therefor. The judge found that William F. Condon did business under the name of "William F. Condon & Sons Company" and "W. F. Condon & Sons Company," that he was the sole proprietor of the business and "there is no corporation of the name of the William F. Condon & Sons Company or W. F. Condon & Sons Company."

The judge found also that at an interview between a solicitor for the plaintiff and the defendant an application for insurance was made out by the solicitor and signed by the defendant, "signing as 'W. F. Condon and Sons Company by W. F. Condon,'" that this application was accompanied by a schedule showing "the premium rates of the proposed insurance and particulars as to the automobiles to be insured," that the plaintiff sent the policy to the defendant by mail, as already stated, and that the "premiums in this policy were reckoned upon the basis of the schedule accompanying the application."

There is nothing in the findings to indicate that the policy did not cover the automobiles referred to in the defendant's application. Nor, unless in the statement in the declarations that the insured is a corporation, is there anything to indicate that the policy was not issued to the

defendant as an individual. The defendant could have contracted under that name. *William Gilligan Co.* v. *Casey*, 205 Mass. 26, 31. *Crompton* v. *Williams*, 216 Mass. 184, 186–187.

The statement in the policy that the insured is a corporation did not preclude a finding upon evidence that the defendant under the name in which he did business was the insured named in the policy. It was permissible for the plaintiff to show that the erroneous description of W. F. Condon and Sons Company as a corporation was inserted in the policy by mistake, that the parties were not mistaken as to the identity and character of the insured, and that the defendant as an individual doing business under that name was in fact the party making the contract of insurance and intended by both parties to be insured under the policy. See *Lunn & Sweet Co.* v. *Wolfman*, 256 Mass. 436, 441, and cases cited; *S. C.* 268 Mass. 345, 353. In *Werlin* v. *Equitable Surety Co.* 227 Mass. 157, and also in *Leone's Case*, 239 Mass. 1, relied on by the defendant, there was not merely a misdescription of an intended party to the contract, but there was no intention to contract with the alleged party thereto under any description. See also *Brighton Packing Co.* v. *Butchers' Slaughtering & Melting Association*, 211 Mass. 398, 402. The conclusion was not required by the reported findings that the plaintiff was estopped by inserting in the policy the statement that the insured was a corporation from denying its truth, asserting that the defendant was in fact the insured and enforcing the policy against him. Clearly a finding was not required that the defendant relied upon this statement. If the statement was merely a misdescription of the insured without mistake by either party as to his identity and character, it would not have prevented recovery by this defendant in an action on the policy and the defendant would not have been led by the plaintiff's conduct to rely on an unenforceable policy.

It is not necessary to consider whether the finding that there was a valid contract with the defendant can be supported also on the ground that it may have been found that though the plaintiff was mistaken as to the identity and

character of the insured the personality of the insured was a matter of indifference to the plaintiff. See *Clement* v. *British American Assurance Co.* 141 Mass. 298, 303; *Brighton Packing Co.* v. *Butchers' Slaughtering & Melting Association,* 211 Mass. 398, 402; *Lunn & Sweet Co.* v. *Wolfman,* 256 Mass. 436, 441, 442.

The finding that there was a valid contract — at least so far as to bind the defendant — can be supported on the further ground that it may have been found that the statement that the insured is a corporation was inserted in the policy by reason of the defendant's nondisclosure or misrepresentation of the facts. In such circumstances the policy would be voidable at the election of the plaintiff. *Montgomery* v. *Forbes,* 148 Mass. 249, 253. *Leone's Case,* 239 Mass. 1, 4. Consequently it was not error to refuse to rule in substance that the bill cannot be maintained without proof that the plaintiff issued a policy of insurance enforceable by the defendant.

The reported findings do not require the conclusion that the contract did not bind the defendant because the policy was not accepted by him. It could not have been ruled that acceptance was necessary. Upon delivery of the policy in accordance with the application the contract of insurance became complete "without any further assent on the part of the insured," even though the policy contained terms and conditions not stated in the application. *Commonwealth Mutual Fire Ins. Co.* v. *William Knabe & Co. Manuf. Co.* 171 Mass. 265, 270. *Stone* v. *Old Colony Street Railway,* 212 Mass. 459, 462–463. The policy does not make payment of the premium due on delivery a condition precedent to the policy's becoming operative. See *Green* v. *Star Fire Ins. Co.* 190 Mass. 586, 597; *Michelson* v. *Franklin Fire Ins. Co. of Philadelphia,* 252 Mass. 336, 340. The policy issued could be found to be the policy applied for and delivery thereof is not negatived by the defendant's failure to pay the premium due upon delivery under the terms of the policy or by his failure to perform any other obligation thereunder. Nor do such failures on the part of the defendant, or any reported findings, require

a finding that he declined the policy or rescinded the contract, even if it is assumed in his favor, as we do not decide, that he had a right to do either of those things because of the misdescription of the insured as a corporation. See *Commonwealth Mutual Fire Ins. Co.* v. *William Knabe & Co. Manuf. Co.* 171 Mass. 265, 270–271.

There was no prejudicial error in the refusal of the judge to rule as requested by the defendant. More extended discussion of specific requests is not required. In general they are disposed of by what has been said. The failure of the judge to state the recognized rule of construction of an insurance policy (see *Edward Rose Co.* v. *Globe & Rutgers Fire Ins. Co.* 262 Mass. 469, 473), was not harmful to the defendant in view of the principles upon which the case turns.

Second. Since the judge found properly that there was a valid contract of insurance between the plaintiff and the defendant he properly, in his discretion, referred the case to a master to determine the amount of the premium due from the defendant. The master's report discloses no error, and consequently was confirmed rightly.

The master found that in violation of the terms of the policy the defendant had paid no premium and that the policy was cancelled for such nonpayment. The defendant contends that there should be deducted from the amount of premium otherwise due from the defendant, as determined by the master, a twenty per cent dividend or return of premium. The contention is without merit. By the terms of the policy the insured is "entitled to such dividends as may be declared by the Board of Directors." The vote of the plaintiff's directors authorized returns of premiums only "to policyholders who have complied with the terms of their policies as regards the payment of premium," and the defendant has not complied with those terms. Whether the defendant knew of this vote was immaterial. References in a letter from the plaintiff during the negotiations for insurance to a "20% dividend, which is returned at the termination of the policy," a statement therein that since the plaintiff was organized its dividends

have never been less than twenty per cent on liability policies, and the deduction of such a twenty per cent dividend from the premiums shown on the schedule then submitted could not vary the terms of the policy even if, as is not the case here, they were in conflict therewith. *Fitchburg Savings Bank* v. *Amazon Ins. Co.* 125 Mass. 431, 435. *Thomas* v. *Commercial Union Assurance Co. Ltd.* 162 Mass. 29, 34. Nor did such a deduction on the schedule of premiums accompanying the application require the conclusion that the policy was not issued in accordance with the application. See *Commonwealth Mutual Fire Ins. Co.* v. *William Knabe & Co. Manuf. Co.* 171 Mass. 265, 270.

The defendant was not harmed by the admission by the master, subject to the defendant's exception, of a copy of a letter from the plaintiff to William F. Condon and Sons Company enclosing the policy in suit, for the master stated specifically that he did not find it necessary to consider this letter in deciding the matters referred to him.

> *Interlocutory decree referring case to master affirmed.*
>
> *Interlocutory decree confirming master's report affirmed.*
>
> *Final decree affirmed with costs.*