JOHN S. BAUSHAR, ALSO KNOWN AS NIMER BAUSHAR ACHKAR, AND KOWKAB BAUSHAR ACHKAR, HIS WIFE, AND FRED DAVID, THEIR ATTORNEY IN FACT, v. MRS. CAROLINE WILLIS, ADMINISTRATRIX OF GEORGE T. WILLIS, DECEASED, TRUSTEE, AND STEVE CONTOS.

(Filed 29 April, 1936.)

1. **Appeal and Error J c—Findings of fact on plea in abatement will not be disturbed when supported by evidence.**

   The court's findings of fact upon a plea in abatement on the ground of a prior action pending that the parties are not identical nor the actions

substantially alike and his denial of the plea upon his findings will not be disturbed on appeal when the findings are supported by the record and evidence before him.

**2. Trial F a—**

An exception to the issues submitted will not be sustained when the issues present the determinative questions involved and permit the presentation of all pertinent evidence.

**3. Mortgages H p—Foreclosure held properly set aside for fraud and rights of parties adjusted upon verdict of jury in this case.**

Plaintiff, the trustor in a deed of trust, instituted this action, claiming that defendant agreed to rent the property at a stipulated price and pay the rent to the *cestui que trust* so as to discharge the deed of trust, that defendant paid the debt but, instead of having the deed of trust canceled as agreed, had the notes assigned to him and procured foreclosure by the trustee. Defendant denied the allegations and set up claim for improvements and taxes paid. *Held:* The evidence of fraud was sufficient to be submitted to the jury, and, in view of defendant's claim for taxes and improvements, the jury was properly called upon to ascertain the entire amount of rents due, and upon the verdict of the jury in plaintiff's favor, judgment was properly entered setting aside the foreclosure and adjusting the rights of the parties upon the several amounts found by the jury on the respective claims of the parties for rents, taxes, and improvements.

APPEAL by defendant Steve Contos from *Small, J.,* at November Term, 1935, of CRAVEN. No error.

This was an action to restrain the delivery of a deed by the trustee under power of sale in a deed of trust executed by the plaintiffs on a house and lot in the city of New Bern. Plaintiffs, who were the owners of the described property, executed, on 24 April, 1929, a deed of trust to George T. Willis, trustee, to secure payment of $500.00, evidenced by their note of even date with said deed of trust, said note being payable to Mrs. Lizzie Rahid. Plaintiff John S. Baushar leased said property to the defendant Steve Contos, who is a brother-in-law, at the agreed rental of $50.00 per month, upon the alleged agreement that out of the rents due by him defendant Contos should pay off said note and deed of trust, and pay taxes and repairs. At the time of the execution of said note and deed of trust the plaintiffs were residents of New Bern, North Carolina, but now reside in Lebanon, Syria.

Plaintiffs allege that the said Contos paid the note out of moneys due the plaintiffs, but, with intent to defraud the plaintiffs, caused said note to be transferred and assigned to himself instead of having same canceled of record, and requested the trustee to advertise and sell the property, and upon such sale became the purchaser and is now seeking to have deed therefor delivered to him by the trustee.

The defendant Contos denied all allegations of fraud, alleged that he paid full value for the note and had same transferred to himself, and

that he had expended large sums in improvements on the property, and asked that the restraining order be dissolved. And the defendant Contos alleged further that at the time this action was begun there was an action pending in the Superior Court of Craven County between the same parties, involving the same cause of action about the same property. With respect to the plea in abatement contained in the answer, the court found certain facts and denied defendant's plea of former action pending between the same parties.

Upon the trial in the Superior Court issues were submitted to the jury and answered as follows:

"1. Did Steve Contos cause the note and deed of trust securing same, that was payable to Mrs. Lizzie Rahid, to be transferred and assigned to himself with intent to cheat and defraud John S. Baushar, as alleged in the complaint? Answer: 'Yes.'

"2. Did Steve Contos procure the land secured by said deed of trust to be sold with the intent to cheat and defraud John S. Baushar, as alleged in the complaint? Answer: 'Yes.'

"3. Is John S. Baushar the owner of and entitled to the immediate possession of the land and building described in the complaint? Answer: 'Yes.'

"4. In what amount is Steve Contos indebted to John S. Baushar for the rents of said property? Answer: '$20.00 per month.'

"5. What amount, if any, is Steve Contos entitled to recover of John S. Baushar for improvements made and taxes paid upon the premises described in the complaint? Answer: '$1,029.42.'

"6. What amount is Steve Contos entitled to recover for amounts paid for and on the note? Answer: '$235.00; with interest.' "

From judgment on the verdict the defendant Contos appealed.

*Greer & Greer and R. A. Nunn for plaintiffs.*

*D. H. Willis, Ward & Ward, and R. E. Whitehurst for defendant Contos, appellant.*

DEVIN, J. The appealing defendant excepted to the denial of his plea in abatement on the ground that there was another action pending between the same parties for the same cause.

This case was before this Court at the Fall Term, 1934, upon the defendant's appeal from an order of the Superior Court continuing the restraining order to the hearing, and is reported in 207 N. C., 511. There it is said: "There is no finding that the prior action is for the same cause, and that they are substantially alike. Indeed, the two are apparently dissimilar." Upon the trial in the court below Judge Small made certain findings and adjudged that the defendant's plea of a former

action pending between the same parties in interest over the same subject matter be denied. The findings of the judge upon the record and evidence before him and his conclusions will not be disturbed. *Buchanan v. Clark,* 164 N. C., 56; *Assurance Society v. Lazarus,* 207 N. C., 63. It appears that in the other action Albert Jowdy was plaintiff and Caroline H. Willis, administratrix, and Lizzie Rahid were defendants. *Bowling v. Bank,* 209 N. C., 463; *Bank v. Broadhurst,* 197 N. C., 365.

The defendant's exception to the form of issues submitted cannot be sustained. These issues seem to present the determinative questions litigated so that they could be understood by the jury and all pertinent evidence presented. *Potato Co. v. Jeanette,* 174 N. C., 236.

Nor is there any reversible error in the portions of the charge to which exceptions were taken. There was sufficient evidence to go to the jury on the allegation of fraud and intent to cheat and overreach the plaintiffs to their injury, and there is no sufficient reason to disturb their findings. The judgment was properly entered on the verdict adjusting the amounts found by the jury on the several issues. Nor was it error to ascertain the entire amount of rents due in connection with the defendant's claim for improvements and taxes paid. *King v. Bynum,* 137 N. C., 491.

No error.