W. H. BEST, JR., ADMINISTRATOR OF T. H. GARRIS, DECEASED, v. RALPH GARRIS, WINSTON GARRIS, CHARLOTTE JONAS GARRIS, HARRY WORTHAM GARRIS, JOSEPHINE GARRIS HEAD AND HUSBAND, J. N. HEAD; GERTRUDE GARRIS MOYE AND HUSBAND, RAYMOND MOYE; CHARLOTTE GARRIS, RALPH GARRIS, AND WINSTON GARRIS, BEING MINORS WITHOUT GENERAL OR TESTAMENTARY GUARDIAN.

(Filed 17 March, 1937.)

**1. Appeal and Error § 6d—**

An exception to a judgment rendered in a trial by the court under agreement of the parties, C. S., 568, without exception to the evidence or the court's findings of fact, presents the sole question of whether the facts found support the judgment.

**2. Same—Conclusions of law by court held correct on facts found.**

In this trial by the court under agreement of the parties, C. S., 568, the court found that the deeds to the person under whom defendants claim were insufficient to ripen title in him under color, and that plaintiff's intestate owned an undivided interest in the land at the time of his death, and entered judgment that intestate owned an undivided interest in the land and that plaintiff was entitled to sell intestate's interest to make assets, the personalty being insufficient. Defendants excepted to the judgment on the ground that the court erred in holding that the deeds were not such as to ripen title under color, but made no exception to the evidence or to the court's findings of fact. *Held:* The facts found support the conclusions of law by the court, and the judgment must be affirmed on appeal.

APPEAL by defendants from *Williams, J.,* at 24 August Term, 1936, of WAYNE. Affirmed.

This is a petition to sell certain lands for assets to pay indebtedness amounting to some $480.00, brought by plaintiff against defendants.

There are five tracts sought to be sold. The value of the land is about $2,000. The defendants set up the plea practically of sole seizin and ask that the prayer of petitioner be denied. In the record is the following: "Both parties, plaintiff and defendants, having expressly waived trial by jury in open court, and agreed that the court may hear the evidence, find the facts, and render judgment thereon in or out of term, in or out of the district."

The court below found the facts and based its conclusions of law thereon, and rendered the following judgment: "It is considered, ordered, and adjudged that T. H. Garris, deceased, at the time of his death was the owner of an undivided one-fifth interest in and to the lands described in the first four tracts set out in the petition filed herein; that the said T. H. Garris, at the time of his death, did not own or have any interest in the fifth tract (two parcels) described in said petition filed, the life estate held by him terminating at his death, that said T. H. Garris at the time of his death did not own any personal property which could be subjected to the payment of his debts admitted to be owing by him, that the respondents are the owners of an undivided four-fifths interest in and to the lands described as first four tracts, and of a fee simple interest in the lands described as fifth tract (two parcels) in the petition filed, and that the plaintiff herein is entitled to have the aforesaid one-fifth interest in and to the lands described in the first four tracts in said petition sold to make assets with which to pay the indebtedness due by the estate of T. H. Garris, deceased, and that this cause be remanded to the clerk for further proceedings as provided by law. This the 24th day of August, 1936. Clawson L. Williams, Judge of the Superior Court."

The defendants made the following exception and assignment of error and appealed to the Supreme Court: "Exception No. 1 is to the rendering, signing, and entry of the judgment for that it is contrary to the law in the case insofar as it holds that: (a) Title to the first four tracts described in plaintiff's petition remained in Ransom Garris at the date of his death in 1922, and passed by descent to his heirs, and that T. H. Garris took an undivided interest therein and was owner of said interest at his death in fee, and that (b) Possession of said T. H. Garris, under the deeds, Exhibits A and B, was not such as to ripen title under color, or perfect title in said T. H. Garris, and that the petitioner is entitled to have the said undivided interest of T. H. Garris in the said lands sold and proceeds applied to the discharge of the indebtedness due by his estate."

*J. Faison Thomson for plaintiff.*
*E. A. and Ambrose Humphrey for defendants.*

CLARKSON, J. N. C. Code, 1935 (Michie), sec. 568, is as follows: "Trial by jury may be waived by the several parties to an issue of fact, in actions on contract, and with the assent of the court in other actions, in the manner following: (1) By failing to appear at the trial; (2) By written consent, in person or by attorney, filed with the clerk; (3) By oral consent, entered in the minutes."

Sec. 569 : "Upon trial of an issue of fact by the court, its decision shall be given in writing, and shall contain a statement of the fact found, and the conclusions of law separately. Upon trial of an issue of law, the decision shall be made in the same manner, stating the conclusions of law. Such decision must be filed with the clerk during the court at which the trial takes place, and judgment upon it shall be entered accordingly."

Sec. 570 relates to exceptions to decisions of court.

Nowhere in this record are there any exceptions to any of the evidence upon which the court below made its conclusions of law. It may be noted that the plaintiff did not appeal.

In *Buchanan v. Clark,* 164 N. C., 56 (60-1), is the following : "We are of opinion that the defendants in this case are completely foreclosed by the judge's findings of fact. Parties can have their causes tried by jury, by reference, or by the court. They may waive the right of trial by jury by consenting that the judge may try the case without a jury, in which event he finds the facts and declares the law arising thereon. Revisal, sec. 540 (C. S., 568). His findings of fact are conclusive, unless proper exception is made in apt time that there is no evidence to support his findings or any one or more of them. The present Chief Justice, in *Matthews v. Fry,* 143 N. C., 384, thus states the procedure in such cases : 'The parties waived a jury trial and agreed in writing that the judge should find the facts and enter judgment thereon as upon the facts so found he might decide the law to be. The judge found the facts and entered judgment therein in favor of the defendant. When the certificate of opinion was presented in the court below, the plaintiff moved for judgment in accordance therewith. The defendant resisted this judgment and asked for trial *de novo,* and insisted that some of the findings of fact had been made by the judge without any evidence to support them. The findings of fact by the judge, when authorized by law or the consent of parties, are as conclusive as when found by a jury, if there is any evidence,' " citing numerous authorities. *Odom v. Palmer,* 209 N. C., 93 (98) ; *Baushar v. Willis,* 210 N. C., 52 (55).

The court below found "Exhibits A and B were not such as to ripen title under color, or perfect title in said T. H. Garris, and that the petitioner is entitled to have the said undivided one-sixth interest of T. H. Garris, deceased, in and to the lands described as first four tracts set out in the petition filed, sold, and the proceeds applied to the discharge of the indebtedness due by his estate." Defendants excepted to the judgment as rendered and stated the reasons.

In *Mfg. Co. v. Lumber Co.,* 178 N. C., 571 (574), we find : "If treated as an exception to the judgment, it presents the single question whether the facts found or admitted are sufficient to support the judgment

. (*Ullery v. Guthrie,* 148 N. C., 419)." *Wilson v. Charlotte,* 206 N. C., 856; *Orange Co. v. Atkinson,* 207 N. C., 593 (596); *Shuford v. Building and Loan Assn.,* 210 N. C., 237 (238).

In *Dixon v. Osborne,* 201 N. C., 489 (493), it is said: "Plaintiffs contend that there is error in the judgment in this action rendered at May Term, 1931. This contention is presented by their appeal from the judgment. It has been uniformly held by this Court that an appeal is itself an exception to the judgment and to any other matter appearing on the face of the record," citing numerous authorities.

There are no exceptions by defendants to the finding of facts. The facts having been found, we think the conclusions of law made by the court below correct under the facts and circumstances of this cause.

We have examined the carefully prepared brief of the defendants, which is persuasive but not convincing on the subject.

The judgment must be

Affirmed.