**Olivia E. KELLY, Plaintiff,**

v.

**Orville CRAIG et al., Defendants,**
**National Indemnity Company, Garnishee.**

No. 15092-4.

United States District Court
W. D. Missouri, W. D.

Jan. 19, 1967.

Donald E. Raymond, Woods, Raymond & Raymond, Kansas City, Mo., for plaintiff.

Douglas Stripp, Watson, Ess, Marshall & Enggas, Kansas City, Mo., for garnishee.

MEMORANDUM AND ORDER GRANTING GARNISHEE'S MOTION FOR SUMMARY JUDGMENT

ELMO B. HUNTER, District Judge.

This matter is presently before the Court on garnishee's motion for summary judgment pursuant to Rule 56, F.R.Civ.P. Plaintiff has obtained a judgment against defendant Dorothy M. Craig in the sum of $25,000.00. This is a garnishment action in aid of execution of that judgment. The judgment against Dorothy M. Craig was based upon an accident in which the plaintiff was a passenger in an automobile owned by Dorothy M. Craig and driven by her daughter.

Dorothy M. Craig operated a taxi cab business in Butler, Missouri and plaintiff was riding as a customer at the time of the accident. Garnishee issued a policy of liability insurance which was in effect at the time of the aforementioned

accident and the named insured in that policy was "Dorothy Craig DBA Ace Cab Co." Clause IV (a) (3) of the policy is titled "Temporary Substitute Automobiles" and provides "under coverages A, B, and division 1 of coverage C, an automobile not owned by the named insured or his spouse if a resident of the same household, while temporarily used as a substitute for the described automobile * * *" is an automobile within the meaning of the policy. The above recitation is of the stipulated and undisputed fact. There is no factual dispute involved in the motion for summary judgment.

The only issue presented to the Court in this motion is an issue of law, namely, under the provisions of the policy was the automobile in which plaintiff was riding a nonowned temporary substitute automobile? Plaintiff places great weight on the fact that the named insured is "Dorothy Craig DBA Ace Cab Co." and not merely Dorothy M. Craig. The Court is not persuaded that the phrase is deserving of such weight.

■ In determining the effect of language in this insurance policy and in applying that language to the stipulated facts the Court must apply Missouri law. Neither side has furnished the Court with a Missouri case precisely in point, and the Court's own research has disclosed none. Garnishee has cited Clark v. German Mutual Fire Ins. Co., 7 Mo.App. 77 (1879), which supports the position of the garnishee that the named insured "Dorothy Craig DBA Ace Cab Co." and Dorothy M. Craig are one and the same entity. The Clark case involved an insurance policy in which the named insured was National Slipper Company and the assignor of the policy was Charles W. Aldrich who did business under the assumed name of National Slipper Company. In the Clark case the court stated at page 80:

[T]here is nothing, in the absence of a statute to that effect, to prevent a man from taking another name if he chooses to do so. One may assume a name, and contract by the name he has assumed, and will be bound by the contract. The law looks only at the identity of the individual.

Here the National Slipper Company was a name assumed by Aldrich; he traded by that name. When the National Slipper Company was insured, he alone was insured. It is not pretended that there was any concealment or misrepresentation about the matter. A mere variance of name cannot prejudice, where the identity of person appears.

Since there is no Missouri case directly in point the Court has also considered cases cited by the parties which were decided elsewhere. Particularly persuasive and in support of garnishee's position is the case of Samples v. Georgia Mut. Ins. Co., 110 Ga.App. 297, 138 S.E. 2d 463 (1962). In that case the facts were just the reverse from those in the case at bar. There the named insured was a married woman and the automobile sought to be brought within the coverage of the temporary substitute automobile clause was owned by her husband under his trade name. The policy in the Samples case stated the temporary substitute automobile had to be one other than an automobile owned by the named insured or (her) spouse. The insured in the Samples case argued that since the automobile being driven at the time of the accident was owned by her husband in his business name, it was not an automobile owned by her husband and therefore the automobile came within the temporary substitute coverage provision. The court rejected this argument and held that the automobile owned by the husband in his trade name was owned by him as an individual, pointing out, Samples, supra at 465, that "[a] trade name is merely a name assumed or used by a person recognized as a legal entity. * * * 'An undertaking by an individual in a fictitious or trade name is the obligation of the individual.'" Likewise the named insured in the instant case, Dorothy Craig DBA Ace Cab Co., is in fact and in law the same entity as is Dorothy M. Craig, the owner of the automobile involved in the accident.

The case of Peirson v. American Hardware Mut. Ins. Co., 248 N.C. 215, 102 S.E.2d 800 (1958), on appeal after remand, 249 N.C. 580, 107 S.E.2d 137 (1959), lends further support to garnishee's position. The case is very involved on the facts but the following is clear from it. The automobile in that case was owned by S. Peirson and the named insured was "S. Peirson and N. G. Neville DBA: Peirson-Neville Co. and S. Peirson and Co." The clause under which S. Peirson sought coverage was phrased in terms of "any automobile owned by or in charge of the named insured". The court did not deny coverage on the ground that the automobile was not owned by the named insured; rather, it denied recovery only after remand for extensive factual findings on the ground that the automobile was not used in accord with the hazards defined. Inferentially the court considered the automobile owned by S. Peirson as an automobile owned by the named insured. See especially the concurring opinion of Justice Bobbitt, 102 S.E.2d at 806.

■ The two automobiles expressly insured by the policy were titled in the name of Dorothy M. Craig, just as was the automobile which was involved in the accident. Item 7(b) of the Declarations of the policy states: "Unless otherwise stated herein * * * except with respect to bailment lease, conditional sale, purchase agreement, mortgage or other encumbrance, the named insured is the sole owner of the automobile." This is a clear indication that in this policy Dorothy Craig DBA Ace Cab Co. is the same entity as is Dorothy M. Craig, the owner of the automobile involved in the accident.

Common sense and logic also require the Court to make the holding it does in this case. Plaintiff's position in this case is based upon an obvious inconsistency. Plaintiff, who has a judgment against Dorothy M. Craig (not against Dorothy Craig DBA Ace Cab Co.), in effect is asking the Court to find first that Dorothy M. Craig and Dorothy Craig DBA Ace Cab Co. are one and the same entity so that on a judgment against the former execution can be made upon alleged assets of the latter. Then after that ruling is made plaintiff would have the Court declare that Dorothy M. Craig is an entity entirely separate from Dorothy Craig DBA Ace Cab Co., the named insured, so that coverage under the nonowned substitute clause will be available. The Court will not adopt such an inconsistent position.

■ The existence of the ordinance of the City of Butler, Missouri relating to taxicabs does not change the effect of the language of the policy. The ordinance is phrased in general terms and makes no mention of substitute vehicle provisions which are common in the taxicab business. Apparently the properly authorized officers were satisfied that the type of liability insurance carried on Dorothy Craig's automobiles was entirely proper even though it had a nonowned substitute automobile provision, or else they would not have granted the license. The ordinance cannot be said to nullify this valid provision of the policy.

The Court has carefully considered the cases cited by plaintiff, but they are all distinguishable and fail to cast light on the issue in the case at hand. Those cases which plaintiff strongly relies upon have factual settings of either an individual insured and an automobile owned jointly or by a partnership, or a partnership or joint insured and an automobile owned by a single individual. In some of the cases cited by plaintiff there was not even a question of ownership raised. In none of the cases was an individual doing business under an assumed name distinguished from the same individual who exists under his nonbusiness name.

Therefore, it is ordered that garnishee's motion for summary judgment be, and hereby is, sustained. The cause is ordered dismissed with prejudice at the plaintiff's costs.

It is so ordered.