640 So.2d 815 (1994)
James M. TROMBLEY, Plaintiff-Appellant,
v.
ALLSTATE INSURANCE CO., et al., Defendants-Appellees.
No. 93-1669.
Court of Appeal of Louisiana, Third Circuit.
June 1, 1994.
*816 John Michael Artigue, for James Michael Trombley.
Christopher E. Lawler, for Allstate Ins. Co., et al.
Edward Paul Landry, for American Cas. Co.
Before KNOLL, THIBODEAUX and SAUNDERS, JJ.
KNOLL, Judge.
This appeal concerns the interpretation of an exclusionary clause in a liability insurance contract. American Casualty Company of Reading, Pennsylvania (American), moved for summary judgment, claiming that the exclusionary clause in the policy issued by American absolved American from liability in this case. The trial court granted the summary judgment and the plaintiff, James Trombley, appeals. For the reasons that follow, we affirm the judgment of the trial court.

FACTS
On January 22, 1992, in New Iberia, Louisiana, an automobile collision occurred between James Trombley and a minor, Christie Soileau. The vehicle Ms. Soileau was driving was registered in the name of her father, Richard A. Soileau. At the time of the accident, Ms. Soileau was acting in the employ of her father's sole proprietorship, The Medicine Shoppe, by delivering medication to a customer. Mr. Trombley first filed suit against Mr. Soileau and the insurer of the Soileau vehicle, Allstate Insurance Company. Later Mr. Trombley amended his petition to include The Medicine Shoppe, alleging it was a Louisiana corporation. Mr. Trombley's amended petition also named American as the insurer of The Medicine Shoppe. However, nowhere else in the record is The Medicine Shoppe referred to as an incorporated entity. In fact, Mr. Trombley's appellate brief admits The Medicine Shoppe is a sole proprietorship. We accept this as conclusive regarding the business's legal status.
The trial court granted American's motion for summary judgment on September 17, 1993. The record contains no reasons for the summary judgment. Mr. Trombley brings this appeal.

EXCLUSIONARY PROVISION
In the American policy, the "named insured" appears as:
"RICHARD A. SOILEAU
DBA THE MEDICINE SHOPPE"
The policy reads, in pertinent part:
"SECTION ICOVERAGES
Coverage A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY
1. Insuring Agreement
a. We will pay those sums that the insured becomes legally obligated to pay as damages because of `bodily injury' or `property damage' to which this insurance applies.
* * * * * *

*817 2. Exclusions
This insurance does not apply to:
* * * * * *
g. `Bodily injury' or `property damage' arising out of the ownership, maintenance, use or entrustment to others of any aircraft, `auto' or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and `loading or unloading.'"
At the time of the accident, an "endorsement" had modified the policy by adding the following pertinent language:
"HIRED AUTO LIABILITY
The insurance provided under COVERAGE A (Section 1) applies to `bodily injury' or `property damage' arising out of the maintenance or use or a "hired auto" by you or your employees in the course of your business.
NON-OWNED AUTO LIABILITY
The insurance provided under COVERAGE A (Section 1) applies to `bodily injury' or `property damage' arising out of the use of any `non-owned auto' in your business by any person other than you."[1]
The plaintiff urges the trial court erred when it found the vehicle registered to Richard A. Soileau was owned by the named insured in the American policy, Richard A. Soileau d/b/a The Medicine Shoppe. In essence, the plaintiff argues Richard Soileau is a separate legal entity from Richard Soileau d/b/a The Medicine Shoppe, making it impossible for Richard Soileau d/b/a The Medicine Shoppe to be the owner of the vehicle as envisioned by the exclusionary clause in the American policy.
The plaintiff has cited no authority for the proposition that an individual doing business under a trade name is a separate legal entity from the individual. Further, our research indicates that just the opposite is true; a trade name has no separate existence apart from the individual doing business under that trade name. In reaching this conclusion, we first note that the Code of Civil Procedure treats the trade name and the individual operating thereunder as one entity. LSA-C.C.P. Art. 736 provides:
"A person who does business under a trade name is the proper defendant in an action to enforce an obligation created by or arising out of the doing of such business."
The comments to Article 736 elaborate further:
"It has been held that a suit brought against the owner only in the trade name used was sufficient to justify rendition of judgment against the owner.
* * * * * *
It is regarded as being completely unsound, since the business being done under a trade name is not a legal entity, and is without procedural capacity or status."
Thus it has been held that a trade name is not a separate entity capable of being sued. Guidry v. City of Houma, 471 So.2d 1056 (La.App. 1 Cir.1985). It has also been held that any judgment rendered against a trade name is a nullity. Leonardi v. Dress Rack, 444 So.2d 780 (La.App. 4 Cir.1984). Citing federal jurisprudence, this court noted in Krawfish Kitchen Restaurant, Inc. v. Ardoin, 396 So.2d 990, 993 (La.App. 3 Cir.1981):
"`The designation `d/b/a' means `doing business as' but is merely descriptive of the person or corporation who does business under some other name. Doing business under another name does not create an entity distinct from the person operating the business. The individual who does business as a sole proprietor under one or several names remains one person ...'"
In view of this authority, we hold Richard A. Soileau d/b/a The Medicine Shoppe is not a juridical person separate and apart from the natural person, Richard A. Soileau. Rather, in law and in fact, they are the same entity. Therefore, the vehicle driven by Richard Soileau's daughter and registered in his name was not "owned by another" as contemplated in the American policy. Since the vehicle was owned by the insured, the accident falls squarely within the exclusionary clause. For the same reason, the vehicle *818 was not a "hired auto", nor a "non-owned auto".

CONCLUSION
Finding the trial court did not err in holding the exclusionary provision absolved American from liability, we affirm its judgment. Costs are assessed to the plaintiff.

AFFIRMED.
SAUNDERS, J., dissents.
NOTES
[1] The policy defines "non-owned auto" as "... any `auto' you do not own, lease, hire, rent, or borrow which is used in connection with your business."