**ALLSTATE INSURANCE COMPANY,**
**Plaintiff–Appellant,**

v.

**George William WILLISON,**
**Defendant–Appellee.**

**No. 93CA0576.**

Colorado Court of Appeals,
Div. III.

Oct. 20, 1994.

Walberg & Dagner, P.C., Wendelyn K. Walberg, Englewood, for plaintiff-appellant.

Hughes, Clikeman & Associates, P.C., John C. Long, Denver, for defendant-appellee.

Opinion by Judge JONES.

This is a declaratory judgment action brought by Allstate Insurance Company to determine coverage provided under a personal automobile policy issued to George William Willison. On cross-motions for summary judgment, the trial court concluded that coverage was provided for an accident occurring during Willison's use of a vehicle titled in Willison's business name. We reverse the judgment in favor of Willison and remand for entry of judgment against him and in favor of Allstate.

Willison was the sole proprietor of a business known as Bill's Service and RV Center. In that business, he bought, sold, traded, and serviced RV trailers and motor homes.

Sometime prior to October 26, 1990, Willison acquired a six-wheel motor home. Title to that vehicle was placed in the name of Bill's Service and RV Center on December 15, 1990. The vehicle was kept at the business premises.

In February 1991, Willison drove the vehicle to Nevada, California, and Washington. The purpose of that trip was to attend business seminars and visit an RV factory to place an order. Willison used the vehicle on that trip because he "wanted to check everything out, to make sure that everything worked in it properly" and he thought he would save money on hotel bills. He had not used the vehicle on other occasions.

During that trip, on February 11, 1991, Willison was involved in an automobile accident in California which resulted in property damage and personal injury to others. On February 28, Willison reported the accident to Allstate.

Willison had a business insurance policy which is not the subject of this litigation. He also had a personal automobile policy issued by Allstate which was in effect at the time of the 1991 accident.

Under the Allstate policy, coverage was provided for "insured autos," defined as autos listed on the declarations page, newly acquired autos of which Allstate was given notice within sixty days after acquisition, substitute autos not owned by the insured, trailers attached to insured autos, and

a non-owned auto used by you ... with the owner's permission. *This auto must not be available or furnished for the regular use of an insured person.* (emphasis added)

The policy excluded coverage for damages the insured person is legally obligated to pay because of:

bodily injury or property damage arising out of auto business operations such as repairing, servicing, testing, washing, parking, storing or selling of autos. However, coverage does apply to you ... when using your insured auto.... [and]

bodily injury or property damage arising out of the use of a non-owned auto used in any business or occupation of an insured person. However, this exclusion does not apply while you ... are using a private passenger auto or trailer.

Willison was sued by the parties injured in the 1991 accident. He sought coverage from Allstate under his personal policy which was denied, and this declaratory action resulted.

Willison moved for summary judgment on grounds that he did not own the vehicle, it was not furnished or available for his regular use, and he was, therefore, entitled to coverage under the Allstate policy as the permissive user of a non-owned auto.

Allstate filed a cross-motion for summary judgment, arguing that it was entitled to judgment because the vehicle was not an insured auto under the terms of the policy and, even if it were, coverage was excluded because the accident occurred while Willison was testing the vehicle for his business.

The court concluded that the vehicle was covered under the policy as a non-owned vehicle. The court determined that the vehicle was not owned by Willison because it was owned by his sole proprietorship, and the court was "persuaded that it was Mr. Willi-

son's intent to maintain his personal and business assets separate and apart from one another." The court then stated that the vehicle was not "furnished or available for the frequent or regular use of Mr. Willison" because he had only used it once, and "the fact that Mr. Willison, in his business capacity, was the individual who could give or grant permission to Mr. Willison in his personal capacity for the use of the vehicle cannot be held to defeat the fact that there is no evidence in the record that the vehicle was intended for anything other than resale."

## I. Non-owned Vehicle

Allstate first contends that the trial court erred in concluding that Willison, as the sole proprietor of Bill's Service and RV Center, was not the owner of the vehicle titled in that business name. We agree.

The construction of contract language is a question of law, and an appellate court is not bound by the trial court's construction. *Waggoner v. Wilson,* 31 Colo.App. 518, 507 P.2d 482 (1972).

An insurance contract must be interpreted from the perspective of the ordinary reader. When construing a policy, words should be given their plain meaning according to common usage and strained constructions should be avoided. *State Farm Mutual Automobile Insurance Co. v. Nissen,* 851 P.2d 165 (Colo.1993).

An "owner" is the person in whom is vested the ownership of property, and "ownership" is the right to possess, use, and enjoy property to the exclusion of others. *See Webster's Third New International Dictionary* 1612; *Black's Law Dictionary* 996–997 (rev. 5th ed. 1979); *see also* § 10–4–703(8), C.R.S. (1987 Repl.Vol. 4A).

We perceive no ambiguity in the policy language concerning "non-owned" autos, and conclude that an ordinary reader of that language would not understand it to mean an auto owned by an insured person. Rather, under the circumstances here, the reasonable meaning of that phrase is an auto owned by a third party. *See State Farm Mutual Automobile Insurance Co. v. Nissen, supra.*

Here, Willison was the sole proprietor of Bill's Service and RV Center. A sole proprietorship is a form of business in which one person owns all the assets of the business, in contrast to a partnership or corporation. *Black's Law Dictionary* 1248 (rev. 5th ed. 1979). A commentator has stated: "In the sole proprietorship organization, the individual proprietor owns all business properties and carries on business for himself ... the distinguishing characteristic of the sole proprietorship is that it is owned and managed by one person, and thereby exists as an extension of the personal life of that person." J. Moye, *The Law of Business Organizations* § 1.01 (2d ed. 1982).

It follows then that, here, the vehicle was owned by Willison, using his trade name, Bill's Service and RV Center. Additionally, he as much as admits the same in his deposition. Therefore, the vehicle was not a "non-owned" vehicle under Willison's Allstate policy.

Willison's use of the trade name, his "policy" of not using the vehicle, and the fiction of giving himself permission to use it, do not require any different result. *Cf. State Farm Mutual Automobile Insurance Co. v. Minor,* 492 So.2d 601 (Ala.1986) (where individual acquired vehicle from business, vehicle was owned by the individual and was not covered under business policy, in which the named insured was that individual and his partner, "doing business as" two companies). *But see Williams–Diehl v. State Farm Fire & Casualty Co.,* 793 P.2d 587 (Colo.App.1989).

We need not consider Allstate's alternative contentions in the light of our resolution of this matter.

## II. Attorney Fees

Allstate also contends that the award of attorney fees to Willison should be vacated. We agree that, as Willison was not entitled to coverage, there remains no basis for the award to him.

In its complaint Allstate also requested reimbursement for attorney fees it expended to defend Willison in the action brought by the parties injured in the February 1991 accident. On remand, the court should con-

sider Allstate's duty to defend Willison. *See Hecla Mining Co. v. New Hampshire Insurance Co.*, 811 P.2d 1083 (Colo.1991).

The judgment in favor of Willison is reversed, and the cause is remanded for entry of judgment in favor of Allstate and for further proceedings consistent with the views expressed in this opinion.

STERNBERG, C.J., and NEY, J., concur.