Present: Carrico, C.J., Compton, Lacy, Hassell, Keenan, and
Kinser, JJ., and Gordon, Retired Justice

ALFONSO C. RECALDE, t/a A & R SWEEPING
& CLEANING

v.  Record No. 970437      OPINION BY JUSTICE CYNTHIA D. KINSER
                                     October 31, 1997
ITT HARTFORD

              UPON A QUESTION OF LAW CERTIFIED BY THE DISTRICT
                     OF COLUMBIA COURT OF APPEALS


     On April 18, 1997, we accepted for consideration a

question of Virginia law that the District of Columbia Court of

Appeals certified to us.[1]  That court stated in its

certification order that the certified question is

determinative of the appeal pending before it.  The certified

question is:

     [W]hether under Virginia law, for the purpose of
     deciding the scope of coverage of a commercial
     insurance policy for injury or property damage
     arising from the use of a motor vehicle, a sole
     proprietorship named as the insured is a legal entity
     separate and distinct from the individual owner doing
     business in that name.

                              I.


     The underlying lawsuits arose out of an automobile

accident that occurred in Virginia on September 22, 1989.  An

employee of A & R Sweeping and Cleaning (A & R), while in the

course of his employment, left a Ford pickup truck, owned by

Alfonso C. Recalde and his wife, Anita G. Mora, unattended

without removing the keys.  Another individual stole the truck,

_____

[1] This Court's jurisdiction to accept the certified
question is pursuant to Va. Const. art. VI, § 1.  See also Rule
5:42.

drove it away at a high rate of speed, and collided with an automobile driven by Donald E. Reynard. Alleging that he sustained injuries in the accident, Reynard filed a personal injury action in the Superior Court of the District of Columbia against Alfonso C. Recalde and A & R Sweeping and Cleaning. Judith A. Reynard, Donald E. Reynard's wife, sought recovery in a separate count of the same action for loss of consortium.

During the pendency of the Reynard action, a dispute ensued concerning available insurance coverage. Consequently, Recalde filed a complaint for declaratory judgment styled on behalf of "Alfonso C. Recalde, t/a A & R Sweeping and Cleaning"[2] in the Superior Court of the District of Columbia against ITT Hartford (Hartford), A & R's insurance carrier. Recalde sought a declaration that, pursuant to the "Business Auto Coverage Part" of an insurance policy issued by Hartford to A & R, Hartford has a duty to defend A & R and to provide insurance coverage in the Reynard action.[3] After staying the Reynard action pending resolution of the declaratory judgment proceeding, the superior court granted summary judgment for Hartford. Recalde appealed that ruling to the District of

---

[2] No party to this appeal disputes that A & R Sweeping and Cleaning, sometimes rendered as A & R Industrial Sweeping and Cleaning, is a sole proprietorship owned by Recalde.

[3] A & R's claim against Hartford in effect sought a declaration respecting excess coverage because Allstate Insurance Company insured the Recalde pickup truck under a separate policy.

Columbia Court of Appeals, which in turn certified the question of law to us.

The disputed insurance policy is a "Special Multi-Flex Policy" consisting of two "Coverage Parts," the "Business Auto Coverage Part" and the "Commercial General Liability Coverage Part." The crucial provisions are the designation of the "named insured" in both "Coverage Parts" and the two classes of motor vehicles identified as "covered autos" in the "Business Auto Coverage Part."

The named insured under the policy is "A & R Industrial Sweeping & Cleaning," and its mailing address is "5108 Ninian Ave., Alexandria, VA 22310." The parties agree that this address is Recalde's home and business address. The definition of "covered autos" in this policy includes only the following two categories of vehicles:

> HIRED AUTOS ONLY. Only those autos you lease, hire, rent or borrow. This does not include any auto you lease, hire, rent or borrow from any of your employees or members of their households.
>
> NONOWNED AUTOS ONLY. Only those autos you do not own, lease, hire or borrow which are used in connection with your business. This includes autos owned by your employees or members of their households but only while used in your business or your personal affairs.

The superior court interpreted the designation of the "named insured" and the categories of "covered autos" to deny coverage in the Reynard action. In reaching this conclusion, the court rejected the argument that A & R Sweeping and

3

Cleaning is a legal entity separate and distinct from Alfonso C. Recalde.  Instead, the court found that Recalde and A & R are one and the same and that "to name one as the 'named insured' is to name the other."  Thus, the court found no coverage under the "Business Auto Coverage Part" on the basis of the definitions of "Hired Autos Only" and "Nonowned Autos Only."  The court also held that the Reynard claims fall within the coverage exclusion in the "Commercial General Liability Coverage Part" for "'Bodily injury' or 'property damage' arising out of the ownership, maintenance, use or entrustment to others of any . . . 'auto' . . . owned or operated by or rented or loaned to any insured."

The effect of the superior court's decision is that the Hartford policy, which covered only nonowned autos, provided no coverage for the Reynard claims because the named insured and the owner of the pickup truck were the same entity.

                                    II.

We are of opinion that the certified question should be answered in the negative because of the definition and nature of a sole proprietorship.  Furthermore, the weight of authority from other jurisdictions that have dealt directly with the issue is in accord.

A sole proprietorship is "[a] form of business in which one person owns all the assets of the business in contrast to a partnership, trust or corporation.  The sole proprietor is

4

solely liable for all the debts of the business."  Black's Law Dictionary 1392 (6th ed. 1990).[4]  Even when an individual does business as a sole proprietorship under a different name, the individual remains personally liable for all obligations of the business.  Carlson v. Doekson Gross, Inc., 372 N.W.2d 902, 905 (N.D. 1985).  "`Doing business under another name does not create an entity distinct from the person operating the business.  The individual who does business as a sole proprietor under one or several names remains one person, personally liable for all his obligations.'"  Id. (quoting Duval v. Midwest Auto City, Inc., 425 F. Supp. 1381, 1387 (D. Neb. 1977)); see also Toulousaine de Distribution et de Serv. v. Tri-State Seed and Grain, 520 N.W.2d 210, 215 (Neb. App. Ct. 1994); Patterson v. V & M Auto Body, 589 N.E.2d 1306, 1308 (Ohio 1992).

The weight of authority in other jurisdictions has applied the concept that the individual owner and the proprietorship are a single entity in insurance contexts.  In Allstate Ins. Co. v. Willison, 885 P.2d 342 (Colo. Ct. App. 1994), the owner of a sole proprietorship titled a vehicle in the name of the business, Bill's Service and RV Center.  In addition to a business insurance policy which was not the subject of the

_____

[4] In contrast to a sole proprietorship, "a corporation is a legal entity that is completely separate and distinct from its shareholders . . . ."  Bogese, Inc. v. State Highway Comm'r, 250 Va. 226, 230, 462 S.E.2d 345, 348 (1995).

litigation, the owner, Willison, had a personal automobile policy issued by Allstate. Willison had an accident while driving the business vehicle, and Allstate denied coverage on the basis that its policy covered only nonowned autos used in the business. Finding in favor of Allstate, the court held that, even though the vehicle was titled in the proprietorship name, Willison was nevertheless the owner. Thus, the vehicle was an "owned" vehicle under the Allstate policy. Id. at 344. Accord Providence Washington Ins. Co. v. Valley Forge Ins. Co., 50 Cal. Rptr. 2d 192, 194 (Cal. Ct. App. 1996) (a van registered to sole proprietorship was owned by the individual proprietor since the sole proprietorship "has no existence apart from [the individual owner]"); Samples v. Georgia Mutual Ins. Co., 138 S.E.2d 463, 465 (Ga. Ct. App. 1964) ("The fact that the plaintiff's husband purchased this automobile in the name that he used in doing business does not contradict the fact that he owned the automobile as an individual.").

Recalde contends that the decision in Consolidated American Ins. Co. v. Landry, 525 So. 2d 567 (La. Ct. App. 1988), is applicable.[5] There, however, the sole proprietor operated two different businesses: an apartment rental business

---

[5] Recalde also argued extensively on brief and orally that the Hartford insurance policy unambiguously identified only A & R as the named insured. However, questions concerning ambiguity, contract interpretation, or coverage are not before this Court on the certified question of law.

and a carpentry business. The insurance policy in question insured the individual doing business as Landry's Apartments. Thus, the court found no coverage for a claim arising out of his separate carpentry business. That outcome does not address the issue presently before this Court and, in a more recent case, Trombley v. Allstate Ins. Co., 640 So. 2d 815 (La. Ct. App. 1994), the Louisiana court specifically held that a sole proprietor doing business under a trade name was not "a juridical person separate and apart from the natural person . . . ." Id. at 817.

Nor is Hertz Corp. v. Ashbaugh, 607 P.2d 1173 (N.M. 1980), also relied upon by Recalde, persuasive. There the court found no coverage for a temporary substitute vehicle owned by the proprietor under an insurance policy issued to him "d/b/a Corky's Wrecker Service." That court relied upon an inapposite case involving insurance issued to a partnership. See id. at 1176 (citing Farley v. American Auto Ins. Co., 72 S.E.2d 520 (W. Va. 1952)). Therefore, we do not find the Hertz decision persuasive, especially in light of the authorities discussed above.

III.

We conclude, therefore, that a sole proprietorship is not a legal entity separate and distinct from the individual owner doing business in that name, and hence the certified question will be answered in the negative.

7

<u>Certified question answered in the negative.</u>