CU LLOYD'S OF TEXAS, Appellant,

v.

Jason HATFIELD, Grace Hatfield, Benjamin F. May d/b/a May's Younglandia, and Gary Paul May, Appellees.

No. 14–02–01251–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 29, 2004.

Robert D. Allen, Dallas, for appellant.

Randy E. Moore, Lake Jackson, for appellees.

Panel consists of Justices YATES, HUDSON, and FROST.

### OPINION

KEM THOMPSON FROST, Justice.

In this insurance-coverage case, we confront an issue of apparent first impression under Texas law: *If an individual obtains an insurance policy under which the named insured is that individual doing business under another name, does a poli-* cy provision excluding coverage for automobiles owned by the named insured exclude coverage as to an automobile owned by that individual in his own name? Because we conclude that such a provision does exclude coverage under these circumstances, we reverse the trial court's summary judgment and render judgment that appellant CU Lloyd's of Texas has no obligation to defend or indemnify appellees Jason Hatfield, Grace Hatfield, Benjamin F. May d/b/a May's Younglandia, and Gary Paul May (collectively, the "Declaratory Judgment Defendants") against the claims asserted in the underlying suit.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Gary Paul May was driving on a highway near Angleton, Texas, in August of 1995, when he came upon an eighteen-wheel truck traveling in his lane at what he perceived to be a very slow speed. May swerved in a belated attempt to avoid hitting the truck. The passenger side of his vehicle struck the truck's trailer, resulting in serious injuries to Jason Hatfield, a passenger in May's vehicle. The vehicle May was driving was titled in the name of his father, Benjamin F. May, Jr. At the time of the accident, Benjamin May, Jr. did business under the name of "May's Younglandia," a sole proprietorship.

CU Lloyd's had issued an insurance policy that provided commercial general liability coverage (the "CGL Policy") for Benjamin F. May, Jr.'s business. This policy lists the named insured as:

> May's Younglandia
>
> Benjamin F. May [1] DBA

Jason Hatfield and his mother, Grace Hatfield, filed suit against Gary May and

---

1. Although the Declaratory Judgment Defendants' appellate brief notes that Benjamin F. May is not the same person as Benjamin F. May, Jr., stating that the former is the father of the latter, the Declaratory Judgment Defendants do not contend that Benjamin F. May, Jr.'s father was the person listed as the insured under the insurance policy.

Benjamin F. May, Jr., individually, and d/b/a May's Younglandia. The Mays requested defense and indemnity from CU Lloyd's under the CGL Policy. Although another insurer's automobile insurance policy covering the vehicle provided defense and indemnity up to its limits, CU Lloyd's denied coverage under the CGL Policy.[2] After a one-day bench trial, the court rendered judgment for Jason Hatfield[3] against all of the defendants jointly and severally in the sum of $996,000. The trial court found that Gary May drove negligently in the course and scope of his employment with May's Younglandia at the time of the accident. The trial court also held Benjamin F. May, Jr. d/b/a May's Younglandia liable both under the doctrine of respondeat superior and under Jason Hatfield's negligent-entrustment claim.

CU Lloyd's then filed a petition for declaratory judgment in Harris County against the Declaratory Judgment Defendants seeking an interpretation of coverage under the CGL Policy. Jason Hatfield, in turn, filed suit in Brazoria County against CU Lloyd's.[4] The declaratory-judgment action was transferred to Brazoria County, and the two cases were consolidated.

CU Lloyd's moved for summary judgment, alleging it had no duty to defend or indemnify because the named insured owned the automobile involved in the accident, and the CGL Policy excludes coverage for such casualties. The Declaratory Judgment Defendants moved for partial summary judgment on their breach-of-contract claim, alleging (1) CU Lloyd's was obligated under the CGL Policy to provide a defense to May's Younglandia and the Mays against the claims in the underlying suit and (2) CU Lloyd's had a duty to indemnify for the $996,000 judgment awarded to Jason Hatfield. The trial court denied CU Lloyd's motion for summary judgment and granted the Declaratory Judgment Defendants' motion for partial summary judgment. The trial court severed the breach-of-contract claim and granted final judgment against CU Lloyd's in the amount of $996,000, in addition to court costs, interest, and attorney's fees. CU Lloyd's objected to the amount of the award because it exceeded the $500,000 policy limit. The trial court rejected this argument. CU Lloyd's now appeals the trial court's final judgment.

## II. ISSUES PRESENTED

CU Lloyd's presents the following issues for appellate review:

1. Did the trial court err in granting the Declaratory Judgment Defendants' motion for summary judgment?

2. Did the trial court err in denying CU Lloyd's motion for summary judgment?

3. Did the trial court err in granting judgment for $996,000 when the policy limit was $500,000?

---

**2.** CU Lloyd's cited at first its contention that Gary May was not in the course and scope of his employment with May's Younglandia at the time of the accident and then later based its denial on an exclusion for liability arising out of the ownership, use, or entrustment to others of cars owned by the insured.

**3.** According to the trial court's final judgment, Grace Hatfield's claims were dismissed before trial.

**4.** Though the record does not contain a document regarding assignment of rights, both parties indicate in their appellate briefs that Benjamin F. May, Jr., individually and d/b/a May's Younglandia, and Gary Paul May assigned their rights against CU Lloyd's to Jason Hatfield.

### III. Standard of Review

A summary-judgment movant must establish its right to summary judgment on the issues presented to the trial court by conclusively proving all elements of the movant's claim or defense as a matter of law. *See* Tex.R. Civ. P. 166a(c); *Havlen v. McDougall*, 22 S.W.3d 343, 345 (Tex.2000). When, as in this case, both parties move for summary judgment, each party must carry its own burden, and neither can prevail because of the failure of the other to discharge its burden. *INAC Corp. v. Underwriters at Lloyd's*, 56 S.W.3d 242, 247 (Tex.App.-Houston [14th Dist.] 2001, no pet.). Because CU Lloyd's and the Declaratory Judgment Defendants both moved for summary judgment, the burden for each was the same: to establish entitlement to a summary judgment by conclusively proving all the elements of the claim or defense as a matter of law. *Id.* When both sides move for summary judgment and the trial court grants one motion and denies the other, the appellate court must review all summary-judgment evidence, determine all issues presented, and render the judgment that the trial court should have rendered. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000).

This court reviews the summary-judgment evidence using familiar standards of review. *See Dolcefino v. Randolph*, 19 S.W.3d 906, 916 (Tex.App.-Houston [14th Dist.] 2000, pet. denied). When a trial court's order granting summary judgment does not specify the grounds for the ruling, we must affirm the summary judgment if any of the summary-judgment grounds are meritorious. *FM Props. Operating Co.*, 22 S.W.3d at 872.

### IV. Analysis

To resolve this insurance-coverage dispute, we apply the rules of contract construction. *See Kelley–Coppedge, Inc. v. Highlands Ins. Co.*, 980 S.W.2d 462, 464 (Tex.1998). In applying these rules, our primary concern is to ascertain the parties' intent as expressed in the language of the policy. *See id.* In determining the intent of the parties, we examine only the language of the insurance policy to see what is actually stated, rather than other evidence of what was allegedly meant. *See Esquivel v. Murray Guard, Inc.*, 992 S.W.2d 536, 544 (Tex.App.-Houston [14th Dist.] 1999, pet. denied). We must consider all of the provisions with reference to the entire contract; no single provision will be controlling. *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex.1983). If a written contract is so worded that it can be given a definite or certain legal meaning, then it is unambiguous, and we may not consider parol evidence as to the parties' intent. *Kelley–Coppedge*, 980 S.W.2d at 464. Whether a contract is ambiguous is a question of law. *Id.*

An insurer's duty to defend is determined by the allegations in the pleadings and the language of the insurance policy. *Nat'l Union Fire Ins. Co. v. Merch. Fast Motor Lines, Inc.*, 939 S.W.2d 139, 141 (Tex.1997). This standard for determining the duty to defend from the four corners of the pleading and the four corners of the insurance policy is often referred to as the "eight corners" rule. *See id.* When we apply the "eight corners" rule, we give the allegations in the petition a liberal interpretation. *Id.* If the pleading does not state facts sufficient to bring the case clearly within or without the coverage, the general rule is that the insurer is obligated to defend if *potentially* there is a case under the pleading within the coverage of the policy. *See id.* Unlike a duty to defend, the duty to indemnify arises from proven, adjudicated facts. *See Trinity Universal Ins. Co. v. Cowan*, 945

S.W.2d 819, 821 (Tex.1997). Thus, no duty to indemnify arises unless the underlying litigation establishes liability for damages covered by the insuring agreement of the policy. *See Comsys Info. Tech. Servs., Inc. v. Twin City Fire Ins. Co.,* No. 14–02–00241–CV, 2003 WL 22901017, \*4, —— S.W.3d ——, —— (Tex.App.-Houston [14th Dist.] Dec. 4, 2003, no pet. h.).

**Did CU Lloyd's have a duty to indemnify for an accident involving an auto owned by Benjamin F. May, Jr. when the named insured is a sole proprietorship and coverage is excluded for autos owned by the insured?**

■ CU Lloyd's contends it had no contractual duty to indemnify[5] under the CGL Policy because the sole proprietorship, May's Younglandia, and its proprietor, Benjamin F. May, Jr. are legally the same person and, as a consequence, an exclusion in the CGL Policy precludes coverage for the accident.

The CGL Policy excludes coverage for the following:

g. "Bodily Injury" or "Property Damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading."

The CGL Policy then lists several exceptions to this exclusion, namely:

. . .

(6) A "non-owned auto" used in your business by any person other than you.

The CGL Policy defines "non-owned auto," in pertinent part, as "any 'auto' you do not own, lease, hire or borrow which is used in connection with your business." The definition of "you" under the CGL Policy includes the named insured—Benjamin F. May d/b/a May's Younglandia. The Declaratory Judgment Defendants alleged in their motion for summary judgment that there is coverage under the CGL Policy because Gary May was acting within the course and scope of his employment for May's Younglandia and he was driving a vehicle not owned by May's Younglandia. The Declaratory Judgment Defendants argue that, as a result, the vehicle falls under the "non-owned auto" exception to the exclusion in the CGL Policy.

■ The Declaratory Judgment Defendants ask this court to employ contract construction principles that favor the insured. *See Grain Dealers Mut. Ins. Co. v. McKee,* 943 S.W.2d 455, 458 (Tex.1997). However, these special rules favoring the insured are applicable only when there is an ambiguity in the insurance policy. *See Puckett v. U.S. Fire Ins. Co.,* 678 S.W.2d

---

**5.** The Declaratory Judgment Defendants devote a substantial portion of their analysis to a discussion of the "eight corners" rule in response to CU Lloyd's argument on this point. They seem to suggest that this rule is used to determine whether coverage exists. The "eight corners" rule, however, applies to a duty to defend, not a duty to indemnify. *See Merch. Fast Motor Lines, Inc.,* 939 S.W.2d at 141. The duty to defend and the duty to indemnify are distinct and separate duties. *Cowan,* 945 S.W.2d at 821–22. The Declaratory Judgment Defendants presented no evidence of any alleged damages resulting from CU Lloyd's failure to defend the Mays in the underlying suit, and the trial court did not

award any such damages in its judgment. Therefore, the only duty-to-defend issue before this court is CU Lloyd's argument that the trial court should have granted a declaratory judgment as a matter of law that CU Lloyd's had no duty to defend. The petition in the underlying suit clearly alleged that Benjamin F. May, Jr. owned the vehicle driven by Gary May. Therefore, we conclude that, even under the "eight corners" rule, CU Lloyd's had no duty to defend. *See Pennsylvania Pulp & Paper Co., Inc. v. Nationwide Mut. Ins. Co.,* 100 S.W.3d 566, 570–75 (Tex. App.-Houston [14th Dist.] 2003, pet. denied) (finding no duty to defend).

936, 938 (Tex.1984). Both CU Lloyd's and the Declaratory Judgment Defendants assert that the CGL Policy provisions at issue are unambiguous, and we agree. The cases cited by the Declaratory Judgment Defendants in support of their contention that special rules should apply involved situations in which the provisions in question were found ambiguous. *See State Farm Fire & Cas. Co. v. Reed,* 873 S.W.2d 698, 699 n. 3, 701 (Tex.1993) (concluding exception to "business pursuits" exclusion was ambiguous, but noting that "not every difference in the interpretation of a contract or an insurance policy amounts to an ambiguity"); *Commonwealth Lloyds Ins. Co. v. Downs,* 853 S.W.2d 104, 110 (Tex. App.-Fort Worth 1993, writ denied) (concluding word "hail" is susceptible to more than one reasonable construction); *Glover v. Nat'l Ins. Underwriters,* 545 S.W.2d 755, 761 (Tex.1977) (concluding pilot clause was ambiguous and could be construed in different ways). There is no ambiguity here.

■ A contract is not ambiguous merely because the parties advance conflicting contract interpretations. *See Kelley–Coppedge,* 980 S.W.2d at 465; *Hall v. Auto–Owners Ins. Co.,* 265 Neb. 716, 658 N.W.2d 711, 717 (2003) (concluding insurance policy not ambiguous because owner of automobile is identical to named insured— Kenneth L. Gearhart dba Kennys Truck Repair). The interpretation of an unambiguous contract is a question of law for the court. *Edwards v. Lone Star Gas Co.,* 782 S.W.2d 840, 841 (Tex.1990). Because we conclude that the CGL Policy provision in question is not ambiguous, we decline to employ rules that apply to ambiguous contract provisions.[6]

■ The critical issue in this appeal is whether Benjamin F. May, Jr. and May's Younglandia are one and the same for purposes of this CGL Policy. A sole proprietorship is defined as "[a] business in which one person owns all the assets, owes all the liabilities, and operates in his or her personal capacity." BLACK'S LAW DICTIONARY 1398 (7th ed. 1999). Under Texas law, a sole proprietorship has no separate legal existence apart from the sole proprietor. *See Ideal Lease Serv., Inc. v. Amoco Prod. Co., Inc.,* 662 S.W.2d 951, 952 (Tex. 1983). The majority of jurisdictions reviewing situations similar to the one before this court have concluded that, for insurance-coverage purposes, a sole proprietorship is not a legal entity separate and distinct from the individual owner doing business in that name. *See, e.g., Kelly v. Craig,* 263 F.Supp. 570, 571 (W.D.Mo.1967)

---

**6.** The Declaratory Judgment Defendants also raise a recent First Court of Appeals case in support of their contention that this court must consider the objectively reasonable expectations of the insured with respect to coverage. *See Bituminous Cas. Corp. v. Maxey,* 110 S.W.3d 203 (Tex.App.-Houston [1st Dist.] 2003, pet. denied). They argue they had a reasonable expectation that the CGL Policy would cover the vehicle titled to Benjamin F. May, Jr. under the "non-owned auto" exception. Texas cases state that courts should give effect to the intent of the parties as expressed in the unambiguous language of the insurance policy. *See Lenape Res. Corp. v. Tennessee Gas Pipeline Co.,* 925 S.W.2d 565, 573 (Tex.1996). After stating this basic principle, the *Bituminous* court also mentioned the reasonable expectations of the parties, citing a California case. *See Bituminous,* 110 S.W.3d at 208–14 (citing *California Cas. Ins. Co. v. Northland Ins. Co.,* 48 Cal.App.4th 1682, 56 Cal.Rptr.2d 434, 444 (1996)). However, the *Bituminous* court only gave effect to the reasonable expectations of the parties by enforcing the plain language of the insurance policy. *See id.* at 214. To the extent the Declaratory Judgment Defendants argue that the parties' reasonable expectations should be enforced in another way, this argument is not supported by the *Bituminous* case or other Texas cases. *See id.; Esquivel,* 992 S.W.2d at 544.

(stating that the named insured, Dorothy Craig DBA Ace Cab Co., was in fact and in law the same entity as Dorothy M. Craig for purposes of automobile ownership under insurance policy); *Providence Wash. Ins. Co. v. Valley Forge Ins. Co.,* 42 Cal. App.4th 1194, 50 Cal.Rptr.2d 192, 194–95 (1996) (concluding that sole proprietorship had no existence apart from owner for purposes of CGL policy with similar exclusion); *Allstate Ins. Co. v. Willison,* 885 P.2d 342, 344 (Colo.Ct.App.1994) (holding vehicle was not "non-owned" as described under insurance-policy exception because appellee owned vehicle using sole proprietorship's name); *Hall,* 658 N.W.2d at 716 (concluding named insured "Kenneth L. Gearhart dba Kennys Truck Repair" was not legal entity separate and distinct from the owner of automobile); *Recalde v. ITT Hartford,* 254 Va. 501, 492 S.E.2d 435, 438 (1997) (holding sole proprietorship is not legal entity separate and distinct from owner for purpose of scope of coverage for injury or property damage under CGL policy). Following the reasoning in these cases, we conclude that the "named insured" here—"May's Younglandia, Benjamin F. May DBA"—is not a separate and distinct entity from the owner of the automobile in question—Benjamin F. May, Jr. Consequently, the CGL Policy did not provide coverage for Jason Hatfield's injuries because the automobile was owned by the named insured.

In support of their contention that a distinction exists between business use and individual use under this exclusion in the CGL Policy, the Declaratory Judgment Defendants cite a New Mexico Court of Appeals case which disagrees with the majority rule from other jurisdictions. *See Hertz Corp. v. Ashbaugh,* 94 N.M. 155, 607 P.2d 1173 (Ct.App.1980). The New Mexico Court of Appeals upheld the trial court's decision that an auto liability policy issued to "Tilman H. Ashbaugh dba Corky's Wrecker Service" covering temporary substitute autos "not owned by the named insured" covered an auto owned by Ashbaugh individually. *See id.* at 1174–76. In doing so, the *Ashbaugh* court, focusing on the intent of the parties, reasoned that "named insured" was ambiguous and could be construed to mean the sole proprietorship only and not a reference to the individual proprietor. *See id.* at 1176. We do not find this logic persuasive. Many courts have criticized the New Mexico Court of Appeals, and we find their criticism compelling for the same reasons. *See, e.g., Recalde,* 492 S.E.2d at 438 (finding *Ashbaugh* unpersuasive because the court relied on a case involving insurance issued to partnership, not sole proprietorship); *Providence Wash. Ins. Co.,* 50 Cal. Rptr.2d at 196 (stating same criticism and adding that *Ashbaugh* is inattentive to force of principle that trade name does not create separate entity).

In addition to the New Mexico case, the Declaratory Judgment Defendants offer several arguments as to why a sole proprietorship should be treated differently from an individual. They contend that by treating a sole proprietorship and its sole proprietor as one and the same for purposes of this Policy, (1) CU Lloyd's is saying May's Younglandia owned the vehicle driven by Gary May at the time of the accident; (2) the non-owned auto exception in the CGL Policy is rendered meaningless; and (3) sole proprietorships will be unjustly penalized by a finding that no legal distinction exists between a sole proprietorship and the individual. We find these arguments to be without merit.

First, CU Lloyd's is not arguing that May's Younglandia owned the vehicle driven by Gary May. Rather, CU Lloyd's contends, and this court agrees, that May's Younglandia and Benjamin F. May are not separate and distinct entities. It is undis-

puted that Benjamin May, Jr. is the owner of the vehicle involved in the accident. Because Benjamin May, Jr. is not separate and distinct from the "named insured," May's Younglandia, the vehicle is not a "non-owned auto," and this exception to the exclusion does not apply. The exception in the CGL Policy is not rendered meaningless by this conclusion. Assuming the requirements are satisfied, non-owned autos are covered when used in connection with the business. For example, if Gary May borrowed a friend's car to conduct business for May's Younglandia and was in an accident, the "non-owned auto" exception would apply. Finally, sole proprietorships are not unjustly penalized by this holding. A business owner has many options when it comes to selecting a legal structure for the operation of the business, for example as a sole proprietorship, general partnership, limited liability partnership, corporation, or limited liability company. Each form has certain benefits and detriments for business owners to weigh before deciding how to structure the business. If an owner chooses to do business as a sole proprietorship, the owner should not be surprised that the law treats the owner and the business as one and the same person. *See Ideal Lease Serv., Inc.*, 662 S.W.2d at 952.

Because we conclude the exclusion in the CGL Policy applies and thus precludes coverage of the judgment in the underlying suit, we need not address the remaining issues raised by CU Lloyd's.

## V. Conclusion

We hold that May's Younglandia, a sole proprietorship, and its proprietor, Benjamin F. May, Jr., are one and the same for purposes of the CGL Policy. Consequently, the coverage exclusion in the CGL Policy for vehicles owned by the named insured applies. Thus, CU Lloyd's had no duty to defend or indemnify Benjamin F. May d/b/a May's Younglandia against the Hatfields' claims. Accordingly, we sustain CU Lloyd's first and second issues. We reverse the trial court's judgment, and we render the following judgment: (1) the Declaratory Judgment Defendants take nothing on their breach-of-contract claim against CU Lloyd's; (2) the CGL Policy does not provide coverage for the claims asserted against Benjamin F. May, Jr., individually and d/b/a May's Younglandia and Gary Paul May in the underlying suit; and (3) CU Lloyd's has no obligation to defend or indemnify the Declaratory Judgment Defendants regarding the underlying suit.